UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20721

CIV - SEITZ

MAGISTRATE JUDGE
O'SULLIVAN

JOHN H. RUIZ, as parent and next of friend
Of CRISTINA RUIZ and JOHN RUIZ, minors

    Plaintiffs,

v.

NEIGHBORHOOD HEALTH PARTNERSHIP, INC.,

    Defendant.

FILED by AJS D.C.
MAR 2 0 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT FOR DAMAGES

Plaintiffs, JOHN H. RUIZ, as parent and next of friend Of CRISTINA RUIZ and JOHN RUIZ, minors, by and through undersigned counsel, sue Defendant, NEIGHBORHOOD HEALTH PARTNERSHIP, INC. (hereinafter referred to as NHP), and allege as follows:

### INTRODUCTORY STATEMENT

1. This is an "ERISA" case involving the denial of health care benefits allegedly due a patient under the terms of a group health insurance policy issued and administered by an insurance company. This cause of action is brought pursuant to the Employee Retirement Income Security Act "ERISA" 29 U.S.C. § 1001, *et seq.* and the

1
**JOHN H. RUIZ, P.A.**
5040 N.W. 7 Street, Penthouse, Miami, Florida 33126 (305) 649-0020

amendments thereto, including the relief available pursuant to 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3).

## JURISDICTION AND VENUE

2. The facts that give rise to the action occurred within the geographic area of the jurisdiction of the United States District Court, Southern District of Florida.

3. Venue and jurisdiction are proper pursuant to 29 U.S.C. § 1132.

4. Plaintiffs have performed all conditions precedent to the institution of this action.

## PARTIES

5. At all times material, JOHN H. RUIZ, is a citizen and resident of Miami-Dade County, Florida and citizen of the United States of America and is the parent and next of friend of CRISTINA RUIZ and JOHN RUIZ, his minor children.

6. At all times relevant hereto, the Defendant NHP was and is a Florida for-profit corporation with its principal place of business in Miami-Dade County, Florida.

7. The health insurance policy (the Plan) at issue was entered between NHP and the Plaintiff's employer in Miami-Dade County, Florida.

8. NHP wrote, negotiated, maintained and administered the Plan at issue in this cause.

9. At all times material to this action, there was in full force and effect an insurance plan for health insurance benefits constituting a binding contract of insurance between the parties. NHP issued the Plan (see attached as Exhibit A) to the Plaintiffs under the following member numbers:

   Cristina Ruiz          Member Number 59110161104

   John Ruiz              Member Number 59110161102

## FACTUAL ALLEGATIONS

10. On or about May, 2006, the minor Plaintiffs, CRISTINA and JOHN, were both diagnosed with growth hormone deficiencies and were prescribed human growth hormone therapies.

11. Plaintiffs' treating physician submitted medical records and his opinion as to the medical necessity for the human growth hormone treatment and should be covered under the NHP policy.

12. NHP denied coverage for the necessary growth hormone treatment.

13. Based on medical information and belief, Plaintiffs contend that there is a medical necessity for the prescribed human growth hormone treatment and according to the provisions of the Plan, coverage should be afforded.

14. Plaintiffs further contend that the policy provisions and terms regarding claims for growth hormone therapy are vague and ambiguous and should therefore be construed against the drafter, NHP.

15. Plaintiffs contend that the denial is arbitrary and without merit and that the Plan should cover the expense for the growth hormone treatment for the minor Plaintiffs.

16. Plaintiffs contend that the benefits are permitted under the Plan and that Plaintiffs have FULLY exhausted the grievance, appeals and all administrative claims process for reimbursement and coverage for the medically necessary growth hormone treatment for the minor Plaintiffs.

17. ERISA prohibits arbitrary and capricious administration of ERISA plans.

18. As a result of the wrongful denial of the Plaintiffs' claim for coverage, specifically, NHP's breach of the insurance contract with the Plaintiffs, Plaintiffs have been forced to pay for the exorbitantly expensive medication in order to prevent the damage that could result from the growth hormone deficiencies.

19. Plaintiffs have retained the undersigned counsel to prosecute this action and has agreed to pay the attorney a reasonable fee for their services in prosecuting this action.

WHEREFORE, Plaintiffs, JOHN H. RUIZ, as parent and next of friend Of CRISTINA RUIZ and JOHN RUIZ, minors, demand judgment against Defendant, NEIGHBORHOOD HEALTH PARTNERSHIP, INC., for compensatory damages, costs and attorney's fees.

### DEMAND FOR JURY TRIAL

PLAINTIFFs demand a trial by jury on all counts and all issues so triable as of right.

JOHN H. RUIZ, P.A.
Attorneys for Plaintiffs
5040 N.W. 7th Street, Penthouse
Miami, Florida 33126
Tel.: (305) 614-2239
Fax: (305) 614-2233

KAREN J. BARNET-BACKER, ESQUIRE
FLORIDA BAR NO. 054482



A UnitedHealthcare Company

## SECOND AMENDMENT

### Effective 6-1-04

Notwithstanding anything to the contrary, this Second Amendment changes the Group Service Agreement, as amended from time to time, with respect to the following:

1. **Article I, Definitions.** Subsection K, Eligible Dependent or Dependent, is amended by deleting subparagraph 3 and replacing same with the following:

   "unmarried child age 19 or older, until the end of the Premium Month in which the child turns 25, who:

   a. is dependent on the Subscriber for support; **and**

   b. resides in the Subscriber's household **or** is a full-time student."

Daniel I. Rosenthal
CEO for South Florida Region

HM-3230-0 6/04



**Neighborhood Health Partnership**

A UnitedHealthcare Company

# THIRD AMENDMENT

### Effective 1-27-05

**Notwithstanding any to the contrary, this Amendment changes the Group Service Agreement with respect to the following:**

1. **Article X General Provisions.**

    a. Article X is amended by adding the following new Section O:

    > "O. Members may obtain information regarding performance outcomes and financial data for Neighborhood Health Partnership published by the State of Florida Agency for Health Care Administration by accessing the Neighborhood Health Partnership website, www.mynhp.com. This website includes the link to FloridaHealthStat where this information is published, or Members can go directly to www.floridahealthstat.com."

2. **Article IX Complaints and Grievances.** Article IX is amended by replacing the phrase "Statewide Provider and Subscriber Assistance Panel" in each place it appears with the phrase "Subscriber Assistance Panel".

**Daniel I. Rosenthal**
**CEO for South Florida Region**

HM-3263-0 1/05



A UnitedHealthcare Company

## FOURTH AMENDMENT

### Effective April 5, 2005

**Notwithstanding any to the contrary, this Amendment changes the Group Service Agreement with respect to the following:**

1. <u>Article V Medical, Surgical, and Related Services</u>. Article V Medical, Surgical, and Related Services, Subsection F, Braces is deleted in its entirety and replaced with the following:

> "F. **Orthotics**. Medically Necessary custom-made orthotics for the leg, arm, back and neck. Replacement custom-made orthotics for the leg, arm, back and neck are covered when the Member's Primary Care Physician determines that replacement is necessary to due to the Member's growth or change in condition."

2. <u>Article VII Exclusions and Limitations</u>. Article VII Exclusions and Limitations, Subsection A, Exclusions, Paragraph 8 is deleted in its entirety and replaced by the following:

> "8. Corsets, foot orthotics, shoes (including without limitation orthopedic shoes and diabetic footwear), shoe inserts, oral appliances, helmets, and over-the-counter or prefabricated orthotics. Replacement custom-made orthotics due to loss or damage are not covered."

**Daniel I. Rosenthal
CEO for South Florida Region**

HM-3280-0 (4/05)

# NEIGHBORHOOD HEALTH PARTNERSHIP, INC.
## GROUP SERVICE AGREEMENT

THIS AGREEMENT sets forth the health services and benefits provided by NEIGHBORHOOD HEALTH PARTNERSHIP, INC. (hereinafter referred to as the "Plan") to the extent herein defined, excluded or otherwise limited.

In consideration of the Application made by

_____
(Hereinafter referred to as the "Group")

and accepted by Plan and in consideration of payment by the Group of the appropriate premiums, the Plan hereby agrees to provide the services and benefits described herein to Group commencing on the Effective Date shown hereon and having an initial term of one (1) year therefrom; thereafter, this Agreement shall automatically renew for additional terms of one (1) year each, unless terminated as provided herein. The initial term and each renewal term of this Agreement are sometimes referred to herein as a "Contract Year".

The obligation of the Plan to provide the services and benefits described herein to the Group is expressly conditioned upon the Plan's acceptance of the Group's Application and Enrollment Forms and approval of same in accordance with the Plan's policies and procedures, as well as Group's payment of Premium and Group's compliance with the terms and conditions of this Agreement.

The Group may be required to provide tax records and/or other records to verify status as a bona fide employer group and to verify the employment of employee participants. Such records may be requested periodically, as deemed necessary by the Plan, to verify continuing eligibility for coverage. Failure to provide such records to the Plan within a reasonable amount of time, not to exceed 10 calendar days after request, may result in automatic termination of this Agreement.

IN WITNESS WHEREOF, the Plan has caused this Agreement to be executed this _____ day of _____, 200___ ("Execution Date") with an Effective Date for coverage of _____.

*Please Check All that Apply*

☐ POS Rider   ☐ POS *Plus* Rider   ☐ 4-Tier Prescription Drug Rider   ☐ Access Option Rider   ☐ Other (specify)_____

NEIGHBORHOOD HEALTH PARTNERSHIP, INC.


_____          _____
(Signature)                                               (Signature on behalf of Group)

Daniel I. Rosenthal
*CEO for South Florida Region*                        _____
                                                                   (Print Name & Title)

---

*Si desea una copia de este documento en español, por favor llene la información a continuación:*

Nombre del Grupo: _____   Persona que se debe contactar: _____

Dirección: _____

# ARTICLE VII
## EXCLUSIONS AND LIMITATIONS

*ENEFITS OR COVERAGE ARE PROVIDED FOR THE FOLLOWING:*

XCLUSIONS

1. Services that are not provided, arranged or Prior Authorized by a Primary Care Physician and/or the Plan, except in the case of an Emergency Medical Condition, or for services set forth in Article V for which direct access to Participating Providers is expressly permitted;

2. Services that are not Medically Necessary;

3. Non-emergency health services received from Non-Plan Providers not Prior Authorized by the Plan;

4. Any expenses related to a Member staying in a Hospital, Skilled Nursing Facility or other facility past the discharge time or date set by the Plan or a Plan Physician, after notice to the Member of the same;

5. Any service or supply received in connection with a facility or program operated, or for which payment is made, by federal or state government or any agency or subdivision thereof and/or when a Member has no legal obligation for payment, or to the extent that payment has been made in accordance with Article VIII, Coordination of Benefits;

6. Services for personal comfort or convenience of the Member including, but not limited to television, newspaper, or telephone;

7. Private Hospital room unless Pre-Authorized by the Plan. In circumstances where the private room is not Pre-Authorized, the Plan shall not be responsible for the private room surcharge;

8. Items or services that are primarily Custodial Care, training or supervision in personal hygiene, and other forms of self-care to a Member who does not require skilled medical or nursing services, including services provided in or by rest homes, companions, sitters, domestic maids, home mothers or respite care (except for Hospice Services);

9. Medication, supplies and equipment which Member takes home from the Hospital or other facility;

10. Any medical or surgical treatment or related services the primary purpose of which is to improve appearance, such as cosmetic surgery, including care and treatment of complication(s) resulting from or relating to such services;

11. Keloid removal due to any birth defect, as the consequence of any surgical procedure, or scarring;

12. Ambulance services, except as expressly authorized in Article V and VI;

13. Autopsy;

14. Dental evaluation and/or treatment, including any services or supplies involving repair, replacement or removal of teeth, the care of gums or other supporting structures of teeth, the preparation of the mouth for dentures, intraoral prosthetic devices, improvement of dental occlusion, or surgical procedures that are cosmetic in nature. This exclusion does not apply to accidental injury to teeth set forth in Article V, Section Y or Cleft Lip or Cleft Palate Treatment Services set forth in Article V, Section H;

15. Counseling for family or marital problems;

≈JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
JOHN H. RUIZ, as parent and next of friend Of CRISTINA RUIZ and JOHN RUIZ, minors

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Karen J. Barnet-Backer, Esquire
John H. Ruiz, P.A.
5040 N.W. 7th Street, Penthouse
Miami, Florida 33126   (305) 649-0020

### DEFENDANTS
NEIGHBORHOOD HEALTH PARTNERSHIP, INC.,

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED by ___AB___ D.C.
MAR 2 0 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

**(d)** Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

09-CV-20721-Seitz/O'Sullivan

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE   DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:
Employee Retirement Income Security Act "ERISA" 29 U.S.C. § 1001, et seq

LENGTH OF TRIAL via _3-5_ days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD
DATE  March 12, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 997537   IFP
03/20/09